# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 16, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * * | |
| ANA OQUENDO VAZQUEZ and * | |
| ARTEMIO RAMIREZ GARCIA, * | |
| on behalf of A.R., a minor child, * | |
| * | |
| Petitioner, * | No. 17-1817V |
| * | |
| v. * | Special Master Young |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

*Diana Lynn Stadelnikas*, Mctlaw, Sarasota, FL, for Petitioners.
*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 6, 2025, Ana Oquendo Vazquez and Artemio Ramirez Garcia ("Petitioners") filed a motion for interim attorneys' fees and costs, requesting a total of **$447,676.19** for the work of their counsel through mctlaw. Pet'r's Application for Interim Attorneys' Fees & Costs ("Fees App.") at 2, ECF No. 128. This amount consists of $417,483.20 in fees and $30,192.99 in costs. *Id.* Petitioners have asserted that they have not incurred any personal costs related to the prosecution of their petition. *Id.* On August 19, 2025, Respondent filed his response to Petitioners' motion. Resp't's Response, ECF No. 129. In his response, Respondent stated that he "defers to the Special Master to determine whether or not [P]etitioners have met the legal standard for an interim fees and costs award." *Id.* at 2. Petitioners filed a reply on August 20, 2025, and an amended reply on September 19, 2025. Pet'r's Reply, ECF No. 30; Pet'r's Am. Reply, ECF No 131. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioners' counsel at this time.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

## I.     Procedural History

Petitioners filed their petition alleging a VEO-IBD injury on November 20, 2017. Pet. On November 21, 2017, I filed an Initial Order directing Petitioners to file complete medical records and a statement of completion. ECF No. 5. Petitioner filed these records and a statement of completion on November 28, 2017. Pet'r's Exs. 1–13, ECF Nos. 6–8. Respondent filed a status report on February 27, 2018, identifying missing medical records. ECF No. 14. Petitioners filed an affidavit from Ana Oquendo Vazquez on April 4, 2018, and filed medical records on April 27, 2018. Pet'r's Exs. 14–20, ECF Nos. 15–16. Petitioners filed additional medical records in April and June 2018, and a statement of completion on July 2, 2018. Pet'r's Exs. 21–23, ECF No. 18; Pet'r's Ex. 24, ECF No. 20; ECF No. 21.

Respondent filed his Rule 4(c) report, opposing compensation, on October 10, 2018. Resp't's Rept. Respondent argued that A.R.'s symptoms had begun prior to the receipt of the Rotateq vaccine and that A.R. had tested positive for a genetic mutation, "which several treaters believed may be the cause of her inflammatory bowel disease." *Id.* at 12. Respondent continued that none of A.R.'s treating physicians had "offered any evidence of a causal association that would meet the *Althen* standards" and thus Petitioners had failed to meet their burden under *Althen*. *Id.* at 12–13.

On October 18, 2018, I directed the parties to consider settlement negotiations and directed Petitioners to either submit a status report on the progress of these negotiations or an expert report to proceed with their causation-in-fact claim. Order, dated Oct. 18, 2018, ECF No. 27. Petitioners filed additional medical records on March 19, 2019. Pet'r's Exs. 25–29, ECF No. 37. On March 20, 2019, Petitioners submitted their demand to Respondent. ECF No. 38. On April 22, 2019, the parties filed a joint status report indicating Respondent had received Petitioners' demand but intended to continue defending the case. ECF No. 43.

Petitioners filed the expert report of gastroenterologist John Santoro and accompanying medical literature on July 29, 2019. Pet'r's Exs. 31–39, ECF No. 49; Pet'r's Exs. 40–41, ECF No. 50. Petitioners filed additional medical records on October 30, 2019. Pet'r's Exs. 42–44, ECF Nos. 53–52. Respondent filed the expert report of pediatric gastroenterologist Chris Liacouras on January 10, 2020, and accompanying medical literature on March 6, 2020. Resp't's Exs. A–B, ECF No. 55; Resp't's Ex. A, Tabs 1–16, ECF No. 58. Petitioners filed more medical records on May 14, 2020, and October 27, 2020. Pet'r's Exs. 45–50, ECF Nos. 60–61; Pet'r's Exs. 51–54, ECF No. 66.

On November 10, 2020, Petitioners filed a motion to stay proceedings due to the death of Dr. Santoro, which I granted to allow Petitioners to find another expert for their case. ECF Nos. 67–68. On June 7, 2021, Petitioners filed an expert report from pediatric gastroenterologist Thomas Sferra, as well as accompanying medical literature. Pet'r's Exs. 60–75, ECF No. 74. Petitioners filed additional medical records on September 13, 2021. Pet'r's Ex. 77, ECF No. 80.

On November 18, 2021, Respondent filed a supplemental report from Dr. Liacouras and a report from immunologist Neil Romberg, as well as additional medical literature. Resp't's Ex. C, ECF No. 81; Resp't's Exs. D–E, ECF No. 82. Petitioners filed a responsive report from Dr. Sferra

on June 7, 2022, and additional medical records in June and October 2022. Pet'r's Ex. 78, ECF No. 85; Pet'r's Ex. 79–80, ECF No. 86; Pet'r's Ex. 82, ECF No. 93. Respondent filed additional reports from Dr. Liacouras and Dr. Romberg on December 9, 2022, as well as additional medical literature. Resp't's Exs. F–G, ECF Nos. 94–95.

On March 16, 2023, I scheduled an entitlement hearing to be held on July 23–24, 2024. ECF No. 97. Petitioners filed medical records on October 24, 2023. Pet'r's Exs. 83–85, ECF No. 105. Petitioners filed their pre-hearing brief on May 28, 2024, as well as additional medical records and medical literature later than month. Pet'r's Br., ECF No. 108; Pet'r's Exs. 86–89, ECF Nos. 109–110. Respondent filed his responsive brief on July 9, 2024, and the parties filed their final pre-hearing submissions on July 16, 2024. Resp't's Br., ECF No. 112; Pet'r's Ex. 90, ECF No. 115; ECF Nos. 116–22.

A hearing in this case was held virtually on July 23, 2024. Min. Entry, dated July 23, 2024. On July 24, 2024, Petitioners submitted additional medical literature discussed during the hearing. Pet'r's Exs. 92–93, ECF No. 124. Post-hearing briefing was not conducted.

On August 6, 2025, Petitioners filed a motion for Interim Attorneys' Fees and Costs. Fee App. Respondent filed his response on August 20, 2025, and Petitioner filed a reply on September 19, 2025. Resp't's Response; Pet'r's Reply. Petitioner also filed an amended reply on September 19, 2025. Pet'r's Am. Reply.

This matter is now ripe for consideration.

## II.   Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

### B.  Justification for an Interim Award

In Avera, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in Shaw that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

3

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

This case has been progressing for over seven years, and Petitioners' fees and costs have accumulated in the course of litigation. Petitioners submitted an itemization of attorney fees, and a summary and documentation of costs. Petitioners' counsel requested a total of **$447,676.19** in fees and expsnes, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, I find an award of interim attorneys' fees and costs reasonable and appropriate for the work completed in this case.

### III.  Reasonable Attorneys' Fees

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also not raised an objection regarding whether good faith and reasonable basis have been met. Accordingly, Petitioners are entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[2]

Petitioners request the following hourly rates of compensation for their counsel at mctlaw: for Mr. Altom Maglio, $362.00 per hour for work performed in 2017; for Ms. Anne Toale, $570.00 per hour for work performed in 2024; for Ms. Diana Stadelnikas, $372.00 and $396.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $415.00 per hour for work performed in 2019, $440.00 per hour for work performed in 2020, $470.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, $525.00 per hour for work performed in 2023, $560.00 per hour for work performed in 2024, and $605.00 per hour for work performed in 2025; for Ms. Elizabeth Abramson, $320.00 per hour for work performed in 2024; and for Mr. Joseph Vuckovich, $445.00 per hour for work performed in 2024 and $490.00 per hour for work performed in 2025. Petitioners also request paralegal rates between $100.00 and $205.00 per hour for work performed from 2017 to 2025.

I find that the rates for Mr. Maglio, Ms. Toale, Ms. Abramson, and Mr. Vuckovich, as well as Ms. Stadelnikas' 2018–2024 rates, to be reasonable. Ms. Stadelnikas' 2025 hourly rate of $605.00 represents a $45.00 increase and I find it to be commensurate with her experience and the OSM Attorneys' Forum Hourly Rate Fee Schedule, and thus find it reasonable. However, Ms. Stadelnikas requests two rates for her time in 2017: $372.00 per hour for 26.7 hours of work and $396.00 per hour for 0.5 hours of work. The Second Supplement to Appendix B for Vaccine Rule 13(a)(1) explicitly provides that "[o]nce a reasonable rate for a year has been established, it will not be increased during the same year." Accordingly, Ms. Stadelnikas billing at an increased rate for 2017 will be reduced to her previously established rate of $372.00 per hour, resulting in a reduction of **$12.00**.[3]

---

[2] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[3] $396.00 - $372.00 = $24.00; $24.00 x 0.5 hours = $12.00.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be mostly reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. However, I find a reduction necessary because there were numerous entries billed for administrative tasks, including filing, downloading, and organizing documents, as well as for several instances of duplicative billing for the same task between Ms. Stadelnikas and her paralegals. Ms. Stadelnikas has been warned of this practice before and had her rates reduced accordingly. *See Grace v. Sec'y of Health & Hum. Servs.*, No. 18-757, 2025 WL 2589270, at *3 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). Additionally, several of these administrative and duplicative tasks were included in entries with other tasks. Because this constitutes block billing, it is impossible to discern how much time was spent on compensable versus noncompensable tasks. Therefore, I find a 5% reduction reasonable. This results in a reduction of **$20,873.56.**[4]

Additionally, Ms. Stadelnikas billed 70.6 hours for drafting the pre-hearing brief. I find this amount of time excessive. Accordingly, I will reduce the amount billed on these briefs by 10%. This results in a reduction of **$3,949.75.**[5]

Accordingly, Petitioners are entitled to final attorneys' fees in the amount of **$392,647.89.**[6]

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum.*

---

[4] $417,483.20 - $12.00 = $417,471.20; $417,471.20 x .05 = $20,873.56.
[5] $525.00 x 1.1 hours = $577.50; $560.00 x 69.5 hours = $38,920.00; ($577.50 + $38,920.00) x .10 = $3,949.75.
[6] $417,483.20 - $12.00 - $20,873.56 - $3,949.75 = $392,647.89.

*Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners request a total of $30,192.99 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, and expert fees from Dr. John Santoro and Dr. Thomas Sferra. While some of these costs have been supported, several costs remain unsubstantiated with the evidence provided. For example, in several instances, Petitioners attempt to prove their shipping costs by providing a scanned copy of the shipping label, which does not show the price for postage paid or a date, or do not provide a receipt for the charge listed at all. The amount of such requested costs totals to **$582.39**.[7] Because Petitioners have not provided sufficient documentation to support these costs, I will defer their payment until Petitioners file their application for final fees, in which they may file proper documentation to substantiate these claimed costs. Accordingly, this results in a reduction of **$582.39**.

Further, Petitioners' requests for expert fees are unable to be granted at this time. Petitioner provided no documentation for Dr. Santoro, and Dr. Sferra charged flat rate fees and did not provide hourly metrics for his reports. I do not doubt that Dr. Santoro and Dr. Sferra performed additional medical research in the process of formulating their reports, however, their lack of billing records makes it near impossible to ascertain the effort put in or to assign a value to their reports. This is not standard practice in the Vaccine Program, where experts are subject to the same requirements as attorneys in order to receive compensation. *Masias v. Sec'y of Health & Hum. Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). Given the lack of hourly billing, I cannot assess whether Dr. Santoro and Dr. Sferra should be awarded what they request. Understanding that Dr. Santoro passed away during these proceedings and that Dr. Sferra is relatively new to the Program, I will defer awarding these fees until an application for final fees is made, allowing Petitioners to submit invoices made at the time of billing which detail the experts' time spent on this case.

However, I do find that the invoice submitted by Dr. Sferra for his time regarding his participation in the entitlement hearing to be sufficiently detailed and commensurate with his previously awarded rate of $500.00 per hour. Accordingly, I will award his time detailed in this

---

[7] *See e.g.*, Pet'r's Ex. 95 (billing costs without receipt on 3/22/18, 5/18/2018, 6/21/2018, 11/02/2018, 2/04/2019, 3/18/2019 (twice), 3/22/2019, 4/01/2019, 10/04/2019, 10/14/2019, 10/30/2019, 4/28/2020, 5/07/2020, 11/02/2020, 6/08/2021, 9/30/2021, 3/07/2023, 11/14/2023, 5/29/2024, 7/05/2024, 7/08/2024, 8/16/2024, 9/10/2024, 9/11/2024, and 6/12/2025).

invoice and will defer the other requests for Dr. Santoro an Dr. Sferra until Petitioner can provide properly organized invoices for their work. This results in a reduction of **$8,500.00.**[8]

### IV.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioners' request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioners and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $417,483.20 |
| (Reduction to Fees) | ($24,835.31) |
| **Total Attorneys' Fees Awarded** | **$392,647.89** |
| | |
| Attorneys' Costs Requested | $30,192.99 |
| (Reduction to Costs) | ($9,082.39) |
| **Total Attorneys' Costs Awarded** | **$21,110.60** |
| | |
| **Total Attorneys' Fees and Costs** | **$413,758.49** |

**Accordingly, I award a lump sum in the amount of $413,758.49, representing reimbursement for Petitioners' attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[9]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[8] $3,500.00 + $3,000.00 + $2,000.00 = $8,500.00.

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.